UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80283-Civ-Middlebrooks
    (08-80094-Cr-Middlebrooks)
MAGISTRATE JUDGE P. A. WHITE

VIRGIL LEON DARVILLE,          :

          Movant,             :

v.                            :          REPORT OF
                                        MAGISTRATE JUDGE
UNITED STATES OF AMERICA  :

          Respondent.         :

_____

Introduction

This matter is before the Court on the movant's motion to
vacate pursuant to 28 U.S.C. §2255, attacking his conviction and
sentence for conspiracy to distribute at least 50 grams of cocaine
base and at least 500 grams of powder cocaine, entered following a
guilty plea in Case No. 08-80094-Cr-Middlebrooks.

The Court has reviewed the motion with supporting memorandum
of law (Cv-DE#1), the government's response with exhibits (Cv-
DE#9), the movant's reply thereto (Cv-DE#10), the Presentence
Investigation Report (PSI), and all pertinent portions of the
underlying criminal file.

Claims

Construing the movant's arguments liberally as afforded pro se
litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the
movant appears to raise the following claims in his §2255 motion:

1

1.  The movant was denied effective assistance of counsel when his attorney failed to object to the government's failure to file a motion for reduction of sentence pursuant to either U.S.S.G. §5K1.1 or Fed.R.Crim.P. 35, in violation of his Sixth Amendment rights. (Cv-DE#1:4).

2.  The movant's sentence enhancement under 21 U.S.C. §851 was invalid in light of his pursuit to have his prior state convictions vacated. (Cv-DE#1:5).

3.  The government committed prosecutorial misconduct when it breached the plea agreement by failing to file either a §5K1.1 or a Rule 35 motion. (Cv-DE#1:7).

4.  The movant was denied effective assistance of counsel when his attorney failed to object to the prior state convictions which were used to enhance his sentence pursuant to 21 U.S.C. §851, when he was not afforded the opportunity to affirm or deny them. (Cv-DE#1:8).

<u>Factual History</u>

During the change of plea hearing, the movant acknowledged the following factual proffer:

> In the February period of this year the Government made, through a CI, several buys, small crack buys from Mr. Neloms through Mr. Antonio Robinson. Based on that the Government went up on a Court-authorized Title III on Mr.

Nelom's phone in early March. Based on those interceptions we learned that Mr. Neloms had gotten some bad cocaine from down south, from Miami and was looking for additional sources of different sources of cocaine.

There was a series of calls indicating that he was having Josh Adams - - he was storing some of the powder cocaine there and having Mr. Adams store his cooking materials there.

There were a series of calls also starting in March, around the 21st, with Mr. Darville and Mr. Neloms where Mr. Neloms - - they're trying to decide a place to meet so that they can conduct business. And basically Mr. Neloms fronts Mr. Darville both powder and crack cocaine. Mr. Darville preferred the powder because he could cook it himself but sometimes he would actually get the crack cocaine.

There was also a series of calls where he's telling Mr. Darville to bring all of his stuff so they can check the thing out. During those series of calls, around March the 21st and 22nd, they can't find a place and they finally agreed and get Mr. Josh Adams' permission to go to his house so they can check out the kilo that Mr. Neloms had just gotten.

There were a series of calls then that Mr. Neloms was the victim of a burglary at Mr. Adams' house and he lost the kilo that was being stored there.

And then on - - we jump into April. And in April he's fronting cocaine and powder cocaine to Mr. Darville and others, usually four and a half at a time, four and a half ounces.

And then there's a series of calls where he's collecting money from - - not only from Mr. Darville but also from Mr. Bradley. And calls that he asked Mr. Bradley, do you need me? I'm - - Bradley says, I'm working all day. Neloms says, I'm coming to pick up the change.

On March 21st, again their checking out a kilo. And then they're - - later in that month that he tells Mr. Darville to bring everything, your food and everything and we'll go check it out. A series of calls again about collecting money and meeting.

3

Finally, in - - on April the 17th there's a series of
calls with Mr. Neloms and Mr. Godfrey. And Mr. Godrey has
a good one for Mr. Neloms says, no, only one. One way
only. And he gets a kilo of cocaine from Mr. Godfrey. And
he tells - - Mr. Neloms tells other individuals now that
he is strapped and ready to go.

Approximately two days after he gets the kilo he goes to
- - well, he has a series of calls with Mr. Darville
where they are looking up to cook the kilo or portions of
the kilo. They end up going to Crystal Brinson's house in
the Boynton Beach area. And surveillance - - we intercept
the calls. We don't see them go in, but surveillance sees
them come out. And the calls while they're in there are
to Ms. Brinson asking why the dishes or the pots and pans
are in the sink and then asking where the razor blades
are, and you can hear the sound of cutting in the
background.

They leave the apartment, Ms. Brinson's apartment and Mr.
Neloms meets with Mr. Bradley where he gives him a
quarter kilo of crack cocaine; some for him and some for
someone else. There's - - at that time surveillance is
made by Mr. Neloms. He makes police surveillance and he
gets worried. And the calls indicate that. And he decides
to go back to Ms. Brinson's house to pick up the
remaining crack and powder cocaine.

Surveillance is at Ms. Brinson's house in Boynton Beach,
sees Mr. Nate Hardiman, who served as a tester and
basically a gopher for Mr. Neloms, go into her apartment
and come back out where Mr. Hardiman is carrying what
would be like a Styrofoam fast-food container. Someone
else is driving the car, an uninvolved relative. And
they're pulled over on a traffic violation. And under the
car - - you can hear this on the intercepted phone call.
Mr. Neloms, when they're pulled, tells Mr. Hardiman to
stuff it up under the seat. Subsequent search of the
vehicle reveals 171 grams of crack cocaine and just under
500 grams of powder cocaine.

That's basically the evidence the Government would offer
in an outline to show Mr. Darville's guilt of the
conspiracy with Mr. Neloms, Mr. Hardiman, Mr. Adams, and
others.

(Cv-DE#9,Ex.4:10-14).

### Procedural History

The procedural history of the underlying criminal case is as follows. On August 21, 2008, the federal grand jury returned an Indictment charging the movant with conspiracy to distribute at least 50 grams of crack cocaine and at least 500 grams of powder cocaine, in violation of 21 U.S.C. §841(a)(1), all in violation of 21 U.S.C. §846 (Count 1); possession with intent to distribute at least 500 grams of powder cocaine, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (Count 7); and knowingly distribute at least 5 grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 (Count 9). (Cr-DE#3).

Thereafter, on December 3, 2008, the federal grand jury returned a Superseding Indictment, wherein the movant was charged with the same offenses set forth with respect to Count 1 of the original Indictment, but he was no longer charged with Count 7 and with respect to Count 9, he was now charged with knowingly manufacturing at least 50 grams of crack cocaine, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. (Cr-DE#179).

Also on December 3, 2008, the government filed a drug sentencing information notifying the movant that the government would rely upon one of the three listed prior drug felony convictions to seek an enhanced penalty in 21 U.S.C. §841(b), increasing his sentence exposure from 10 to 40 years imprisonment to a range of 20 years to life. (Cr-DE#180).

On December 5, 2008, pursuant to a negotiated written guilty plea, the movant pleaded guilty to Count 1. (Cr-DEs#187,198).

In anticipation of sentencing, a PSI was prepared wherein the

probation officer determined the movant's base offense level was 32. (PSI¶¶66-67). However, because he clearly demonstrated acceptance of responsibility for his offense, three levels were reduced, resulting in a base offense level of 29. (PSI¶¶74-76). The probation officer further determined the movant had seven criminal history points and a criminal history category of IV. (PSI¶98). Based on a total offense level of 29 and a criminal history category of IV, the guideline imprisonment range was 121 to 151 months. (PSI¶132). However, the movant was subject to the statutorily required minimum sentence of 20 years. (Id.).

On February 20, 2009, the movant was sentenced to 240 months imprisonment, followed by 10 years of supervised release and $100 special assessment. (Cr-DEs#325,328). The Clerk of Court entered judgment on February 26, 2009. (Cr-DE#328). No direct appeal ensued. The judgment of conviction in the underlying criminal case became final at the latest on March 12, 2009, ten days after the entry of judgment (Cr-DE#328), when time expired for filing a notice of appeal.[1] At the latest, the movant was required to file this motion to vacate within one year from the time the judgement became final, or no later than March 12, 2010. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). The movant signed and executed this motion on February 9, 2010. (Cv-DE#1). Thus, this petition was timely filed.

---

[1]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed. R. App. P. 4(b)(6).

On December 1, 2002, Fed.R.App.P. 26; which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

<u>Procedurally Barred Claims</u>

It should be noted **claims two and three**, of this collateral proceeding could have been, but were not raised on direct appeal. Because the claims were not raised on direct appeal, they are procedurally barred from review in this collateral proceeding unless the movant can show cause for the default and actual prejudice, <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977), or a fundamental miscarriage of justice, <u>Engle v. Isaac</u>, 456 U.S. 107 (1982). Constitutionally ineffective assistance of counsel can constitute cause. See <u>Holladay v. Haley</u>, 209 F.3d 1243, 1253 (11th Cir. 2000), <u>citing</u>, <u>Hollis v. Davis</u>, 941 F.2d 1471, 1476 (11th Cir.1991), <u>citing</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)); <u>see also</u>, <u>United States v. Breckenridge</u>, 93 F.3d 132 (4th Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).

The movant, in this collateral proceeding, neither shows cause for failing to raise the issues on direct appeal nor does he show any actual prejudice as a result therefrom. However, because the movant's claims fail to warrant relief, they will be nonetheless addressed on the merits.

Moreover, **claims one and four**, as listed above, could have been, but were not raised on direct appeal. Notwithstanding the argument made by the movant, he appears to argue that counsel was ineffective for failing to pursue the claims either at trial or on appeal. Since a claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue, <u>United</u>

States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996), each claim
will be identified and treated in turn in this Report, infra.

### Discussion of Claims

As will be demonstrated in more detail infra, the movant is
not entitled to vacatur on any of the claims presented.[2] When
viewing the evidence in this case in its entirety, the alleged
errors raised in this collateral proceeding, neither individually
nor cumulatively, infused the proceedings with unfairness as to
deny the petitioner a fundamentally fair trial and due process of
law. The movant therefore is not entitled to habeas corpus relief.
See Fuller v. Roe, 182 F.3d 699, 704 (9th Cir. 1999)(holding in
federal habeas corpus proceeding that where there is no single
constitutional error existing, nothing can accumulate to the level
of a constitutional violation), overruled on other grounds, Slack
v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v.
Rivera, 900 F.2d 1462, 1470 (10th Cir. 1990)(stating that "a
cumulative-error analysis aggregates only actual errors to
determine their cumulative effect."). Contrary to the movant's
apparent assertions, the result of the proceedings were not
fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506
U.S. 364, 369-70 (1993).

Here, in **claims one and four**, the movant challenges counsel's

---

[2]Briefly, the evidence against the movant was more than sufficient to
support his conviction. The movant has not shown that the result of the
underlying criminal proceedings would have been affected had counsel proceeded
differently. In other words, no deficient performance or prejudice pursuant to
Strickland has been established arising from any of the claims raised in this
collateral proceedings, nor has a denial of due process been demonstrated. To
the contrary, it is clear after independent review of the record that the
movant received fair criminal proceedings, and that no constitutional
violations occurred. Consequently, he has failed to demonstrate that he is
entitled to habeas corpus relief in this collateral proceeding.

effectiveness for several reasons. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(en banc). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993); United States v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The court need not address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant

would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).

Moreover, review of counsel's conduct is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11th Cir. 1994), and second-guessing of an attorney's performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11th Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.2d 384, 386 (11th Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. <u>Kett v. United States</u>, 722 F.2d 687, 690 (11th Cir. 1984); <u>see also</u>, <u>Nelson v. United States</u>, 709 F.2d 39, 40 (11th Cir. 1983)(<u>citing</u>, <u>United States v. Diaz</u>, 662 F.2d 713, 719 (11th Cir. 1981); <u>United States v. Becker</u>, 569 F.2d 951, 965 (5th Cir.), <u>cert. denied</u>, 439 U.S. 865 (1978), <u>United States v. White</u>, 524 F.2d 1249, 1254 (5th Cir. 1975), <u>cert. denied</u>, 426 U.S. 922 (1976).); <u>See also</u> <u>Williams v. Alabama</u>, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); <u>Castle v. United States</u>, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case) (sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. <u>Bonner v. City of Prichard, Alabama</u>, 661 F.2d 1206, 1209 (11th Cir.1981)

10

*(en banc)*.

In **claim one**, the movant asserts he was denied effective assistance of counsel when his attorney failed to object to the government's failure to file a motion for reduction of sentence pursuant to either U.S.S.G. §5K1.1 or Fed.R.Crim.P. 35, in violation of his Sixth Amendment rights. (Cv-DE#1:4).

Rule 35 of the Federal Rules of Criminal Procedure provides that a motion to reduce based on substantial assistance to the government may only be made by motion of the government. Likewise, U.S.S.G. §5K1.1 states "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

The government has a considerable amount of discretion regarding this decision, and the Eleventh Circuit has held that the government's determination of "substantial assistance" is encompassed within the zone of prosecutorial discretion and subject to review only upon a showing of a constitutionally impermissible motive or the breach of an express agreement to file a motion. United States v. Gonslaves, 121 F .3d 1416, 1419 (11th Cir.1997); United States v. Forney, 9 F.3d 1492, 1502 (11th Cir.1993)(citing Wade v. United States, 504 U.S. 181 (1992)).

In Wade, supra, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find

that the refusal was based on an unconstitutional motive."[3] <u>Wade</u>, 504 U.S. at 185-86. The Court emphasized that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or to an evidentiary hearing. Nor would additional but generalized allegations of improper motive." <u>Id.</u> Here, the movant has neither alleged nor shown that the government's failure to file the substantial assistance motion is based on a constitutionally impermissible motive, or that any alleged refusal by the prosecutor to move for a downward departure was not rationally related to any legitimate Government end. Moreover, the movant cannot establish deficient performance or prejudice arising from counsel's failure to assist him in obtaining a Rule 35 or 5K1.1 motion, as this avenue is only available for the government to raise. Thus, the movant is entitled to no relief on this claim.

To the extent the movant argues counsel promised him if he pleaded guilty and cooperated with the government, he would receive a downward departure pursuant to U.S.S.G. §5K1.1 during sentencing, this claim is without merit. (Cv-DE#1:18). As previously discussed, pursuant to a negotiated written plea agreement, the movant pleaded guilty to Count 1 of the superseding indictment and in exchange the government agreed to dismiss Count 9 thereof. (Cv-DE#1,Ex.3:1). As part of the negotiated agreement, the movant agreed to cooperate with the government (<u>Id.</u>:4-5), with the possibility of the government filing a motion pursuant to either a Section 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure. (<u>Id.</u>:5). Specifically, with respect to any downward departure as a result of the movant's cooperation, the

---

[3]A prosecutor's refusal to file a substantial-assistance motion would be unconstitutional if, for example, the refusal was based upon the defendant's race or religion. <u>Id.</u>

plea agreement stated:

> This Office reserves the right to evaluate the nature and
> extent of the defendant's cooperation and to make the
> defendant's cooperation, or lack thereof, known to the
> court at the time of sentencing. If in the sole and
> unreviewable judgment of this Office the defendant's
> cooperation is of such quality and significance to the
> investigation or prosecution of other criminal matters as
> to warrant the court's downward departure from the
> advisory sentence calculated under the Sentencing
> Guidelines, this Office may at or before sentencing make
> a motion consistent with the intent of Section 5K1.1 of
> the Sentencing Guidelines prior to sentencing, or Rule 35
> of the Federal Rules of Criminal Procedure subsequent to
> sentencing, reflecting that the defendant has provided
> substantial assistance and recommending that the
> defendant's sentence be reduced from the advisory
> sentence suggested by the Sentencing Guidelines. The
> defendant acknowledges and agrees, however, that nothing
> in this Agreement may be construed to require this Office
> to file any such motion(s) and that this Office
> assessment of the nature, value, truthfulness,
> completeness, and accuracy of the defendant's cooperation
> shall be binding insofar as the appropriateness of this
> Office's filing of any such motion is concerned.

(Id.:5-6). As part of the plea agreement, the movant further
acknowledged no other agreements, promises, representations or
understandings existed between he and the government, aside from
those set forth in the agreement. (Id.:7).

Thereafter, during the change of plea hearing, the District
Court Judge questioned the movant with respect to portions of the
plea agreement discussing cooperation with the government,
specifically stating:

> THE COURT: Paragraphs 8, 9, and 10 deal with cooperation
> with the Government. You've expressed a willingness to
> cooperate with them by providing truthful information if
> they call upon you to do that in assisting them in the
> investigation of unlawful activity. The Government will

13

evaluate any assistance you might provide them and they may file a motion under the guidelines or Rule 35 of the Rules of Criminal Procedure asking the Court to depart downward from what would otherwise be your sentence by reason of your cooperation.

There are two things to make sure you understand about that. First, it's up to the Government whether to file the motion. If they don't file it, I have no authority to act on that basis. Second, even if they do file it, I'm not obligated to grant it.

Do you understand?

THE DEFENDANT: Yes, sir.

(Cv-DE#9,Ex.4:8-9). Then, the Court further questioned the movant whether, beyond the plea agreement, had the government made any promises to him in connection with his case, which he denied. (Id.:9). As evident from the plea agreement and the foregoing exchange, the movant's post-conviction allegation that he relied upon counsel's misadvice when he decided to plead guilty was cured by the court's colloquy at the change of plea proceeding. Accordingly, the movant cannot not now argue in this collateral proceeding that counsel promised him that the government would file a Rule 35 or §5K1.1 motion for downward departure as a result of his substantial assistance, as such, had he known this, he would not have pleaded guilty without that promise. Under these circumstances, no showing has been made that counsel was deficient or that the movant suffered prejudice therefrom. See Strickland, supra.

To the extent the movant argues counsel was ineffective when his attorney failed to submit any objections during sentencing, especially when the government decided to postpone any downward departure as a result of substantial assistance until a later time by way of a Rule 35 motion, this claim is without merit. (Cv-

14

DE#1:20).

The movant fails to provide any case law or facts which support his claim. Moreover, the movant fails to state any defenses or objections in which he believes were applicable. Although counsel failed to file any objections to the PSI, the movant fails to show how this prejudiced him at sentencing. Such bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. See United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995), Ferguson v. United States, 699 F.2d 1071 (11th Cir. 1983), United States v. Ammirato, 670 F.2d 552 (5th Cir. 1982); United States v. Sanderson, 595 F.2d 1021 (5th Cir. 1979).

With respect to the movant's argument that counsel failed to file objections to the postponement of his downward departure as a result of substantial assistance until some later time, this claim is also without merit. As explained above, a motion filed pursuant to Fed. R. Crim. P. 35 is within the discretionary purview of the government only. Even had the government filed such a motion, the court made it clear that it was not obligated to grant said motion. As such, under these circumstances, the movant cannot establish either deficient performance or prejudice, pursuant to Strickland, supra, arising from counsel's failure to pursue this claim.

Finally, to the extent the movant argues his guilty plea was not knowingly, voluntarily or intelligently entered into due to counsel's advice to plead guilty and cooperate with the government in exchange for a lower sentence pursuant to Rule 35, is without merit.

To ensure that a plea is voluntary and knowing, Fed.R.Cr.P. 11(b)(1) states that "the court must address the defendant personally in open court before accepting the plea and inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Gordon v. United States, 496 F.3d 1270, 1277 (11th Cir. 2007). The rule imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. Id. (citations omitted).

Thus, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (2005). In Moriarty, the Eleventh Circuit specifically held as follows:

> [t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its obligation to apply the Guidelines; and the Government's right, in a prosecution for perjury, to use against the defendant any statement that he gives under oath.

Id.

Review of the change of plea proceedings reveals that the court conducted a thorough Rule 11 proceeding. (Cv-DE#9,Ex.4). At

16

that time, the movant acknowledged under oath[4] that he was
satisfied with counsel's representation, and that he had reviewed
the indictment, the charges filed and discussed the same with his
lawyer. (Id.:5). He acknowledged being provided a copy of the plea
agreement, which he reviewed and discussed the contents therein
with his attorney prior to signing the document. (Id.:6). The court
advised and the movant acknowledged the potential consequences of
entering a guilty plea. (Id.:6-7,9-10). The movant also denied
being forced, threatened or coerced into changing his plea, and
denied being made any representations in order to convince him to
plead guilty. (Id.:9-10). The court further advised the movant of
the essential elements of the offenses, as well as, the fact that
because the government filed a notice of enhancement, the minimum
sentence he faced was 20 years imprisonment, unless the government
moves for downward departure as a result of his substantial
assistance in cooperating. (Id.:6-7).

On the record before this court, it is evident that the movant
understood the facts and the elements of the offense upon which the
charges rested. Moreover, by way of entering into the negotiated
plea agreement, the movant was telling his lawyer not to conduct
any further investigation and not present at a trial proceeding any
legal defenses that he may be entitled to as it relates to his
case. Under these circumstances, no showing has been made that the
plea was anything but knowing and voluntary. Therefore, the
movant's knowing and voluntary guilty plea waived all non-
jurisdiction defects and defenses. Thus, he is entitled to no

---

[4]The law is clear that "solemn declarations in open court carry a strong
presumption of verity," forming a "formidable barrier in any subsequent
collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977);
United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). The subsequent
presentation of conclusory allegations, unsupported by specifics, is subject
to summary dismissal, as are contentions which in the face of the record are
wholly incredible.  Machibroda v. United States, 368 U.S. 487 (1962).

relief on this claim.

To the extent the movant means to argue that he was unaware of the consequences of his plea, that claim is also belied by the record. As noted above, the Rule 11 proceeding thoroughly addressed the consequences of the guilty plea, the maximum and minimum penalties, and the sentence appeal waiver. Under the circumstances presented here, the movant is not only precluded from challenging the manner in which his sentence was imposed, but is also precluded from challenging his sentence in the guise of an ineffective assistance of counsel claim. Moreover, even if the claims were not precluded, as discussed above, no showing has been made that the movant was denied effective assistance of counsel when his lawyer failed to timely file objections to the PSI or argue for a Section 5K1.1 motion or a Rule 35 motion. Thus, the movant has failed to establish prejudice pursuant to <u>Strickland</u> and is therefore entitled to no relief on these claims.

In **claim two**, the movant argues his sentence enhancement under 21 U.S.C. §851 was invalid in light of his pursuit to have his prior state convictions vacated. (Cv-DE#1:5). Accordingly, the movant requests this court to stay and hold this claim in abeyance or dismiss the claim without prejudice, with the opportunity to file a subsequent §2255 motion when his prior convictions are vacated. (<u>Id.</u>:5-6).

The district courts have the discretion to either abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. <u>See</u> <u>Brewer v. Johnson</u>, 139 F .3d 491, 493 (5th Cir. 1998). In order to stay federal proceedings and hold a federal habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual

circumstances. See Williams v. Vaughn, 3 F.Supp.2d 567, 576 (E.D.Pa.1998); Parker v. Johnson, 988 F.Supp. 1474, 1476 (N.D.Ga.1998). The general factors governing when it is appropriate to grant a stay pending the resolution of a claim in another forum include: 1) whether the petitioner is able to demonstrate a clear hardship or inequity if the action were to move forward; 2) the injury, if any, to the respondent; and 3) the effect of the stay on the public interest, including the "judiciary's interest in efficiency, economy, and fairness." Hill v. Mitchell, 30 F. Supp.2d 997, 1000 (S.D. Ohio 1998)(citing Landis v. North American Co., 299 U.S. 248 (1936) and applying factors to motion to stay habeas petition). More recently, courts have held that a stay may be appropriate when an outright dismissal of the petition will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). See Kelly v. Small, 300 F.3d 1159, 1165 (9th Cir. 2002); Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 79-80 (1st Cir. 2002); Zarvela v. Artuz, 254 F.3d 374, 382-83 (2d Cir. 2001); Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000).

In this case, there is no showing of unusual or exceptional circumstances nor was any evidence presented that the movant has filed anything in state court attacking his prior convictions. The movant has also failed to demonstrate a clear hardship or inequity if the action were to move forward. As such, the motion to stay this claim is denied. Instead, the movant's motion to dismiss the claim without prejudice is granted. The movant is cautioned, however, that dismissal of this motion to vacate may not guarantee federal consideration of his claims should he re-file another motion at a later time. That is because dismissal of this motion does not waive the one year statute of limitations established by

28 U.S.C. §2244(d) or other procedural defenses which may apply to any future motion to vacate.

In **claim three**, the movant argues the government committed prosecutorial misconduct when it breached the plea agreement by failing to file either a Section 5K1.1 or a Rule 35 motion. (Cv-DE#1:7). This claim is clearly refuted by the record.

As discussed above in relation to **claim one**, the plea agreement is devoid of any promise that a motion to reduce the movant's sentence would be filed. The court explained to the movant at the change of plea hearing and again at the sentencing hearing that filing of a motion pursuant to U.S.S.G. §5K1.1 or Fed.R.Crim.P. 35 is in the government's discretion, after it determined the value of the movant's cooperation. (Cv-DE#9,Ex.9:3).

The record in this case does not support the movant's claim that the government breached the terms of the plea agreement. Accordingly, this claim does not warrant relief.

In **claim four**, the movant asserts he was denied effective assistance of counsel when his attorney failed to object to the prior state convictions which were used to enhance his sentence pursuant to 21 U.S.C. §851, when he was not afforded the opportunity to affirm or deny them. (Cv-DE#1:8).

To obtain a sentence enhancement under §841, the government must comply with the notice requirement of §851(a)(1), which provides that an enhancement based on prior convictions may not be imposed "unless before trial, . . . the United States attorney files an information with the court (and serves a copy of such information on the [defendant] or counsel for the [defendant])

stating in writing the previous convictions to be relied upon."
United States v. Lee, 268 Fed. Appx. 813, 816, 2008 WL 583793, 2
(11th Cir. 2008); citing United States v. Rutherford, 175 F.3d 899,
903 (11th Cir.1999) (quoting 21 U.S.C. § 851(a)(1)).

Moreover, section 851(b) provides that, if the government
files an information under this section, the court shall, before
imposing sentence, inquire of the defendant "whether he affirms or
denies that he has been previously convicted as alleged in the
information, and shall inform him that any challenge to a prior
conviction which is not made before sentence is imposed may not
thereafter be raised to attack the sentence." 21 U.S.C. § 851(b).
However, the Eleventh Circuit has held that "[a] trial court is not
required to adhere to the rituals of § 851(b) where a defendant, as
a matter of law, is precluded from attacking the conviction forming
the basis of the enhancement information." Lee, 268 Fed. Appx. at
816; citing United States v. Weaver, 905 F.2d 1466, 1482 (11th
Cir.1990) (internal quotations and citation omitted). Section
§851(e) precludes a defendant from challenging the validity of any
prior conviction alleged under §851 that occurred more than five
years before the date of the information alleging the prior
conviction. 21 U.S.C. § 851(e).

The record demonstrates that the district court judge did not
make the inquiries as described in §851(b). Nevertheless, the
information shows that the convictions on which the movant's
enhancement was based, sale of cocaine in 1989, sale of cocaine in
1987, and possession of cocaine with intent in 1987 were well over
five years old, and therefore not subject to challenge under
§851(e). Under these circumstances, no showing has been made that
counsel was deficient for failing to object to the prior

convictions used to enhance his sentence or that the movant suffered prejudice therefrom. <u>See</u> <u>Strickland</u>, <u>supra</u>.

To the extent the movant asserts he was denied effective assistance of counsel when his attorney failed to investigate his prior state convictions, this claim is without merit.

The law is clear that once the movant successfully attacks in the state forum his prior state convictions used to determine his criminal history points in this case, at that time he may then seek to reopen and reduce the federal sentence. <u>See</u> <u>United States v.</u> <u>Walker</u>, 198 F.3d 811, 813 (11th Cir. 1999).

It is well settled that collateral attacks on prior convictions are generally prohibited in federal sentencing proceedings, and may be raised only when the conviction was obtained in violation of the defendant's right to counsel. <u>United States v. Phillips</u>, 120 F.3d 227, 231 (11th Cir. 1997)(<u>citing</u>, <u>Custis v. United States</u>, 511 U.S. 485 (1994)); <u>United States v. Farris</u>, 77 F.3d 391, 397 & n. 10 (11th Cir.), <u>cert. denied</u>, 519 U.S. 896 (1996). Moreover, the Supreme Court has held that a federal prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully) may not collaterally attack that conviction through a motion pursuant to 28 U.S.C. §2255 directed at the enhanced federal sentence. <u>Daniels v. United States</u>, 523 U.S. 374 (2001), <u>citing</u>, <u>Custis v. United States</u>, 511 U.S. 485, 493 (1994)(only prior convictions which may be collaterally attacked at sentencing were those obtained in violation of the right to appointed counsel).

The movant does not assert that he was not represented by counsel. The movant has also not shown that the prior convictions he is challenging in this proceeding have been vacated, and there is nothing of record to support such a conclusion. Thus, there appears to have been no legal basis to challenge the validity of underlying state convictions at the time of the movant's sentencing in federal court, nor at this time. Under these circumstances, no deficient performance or prejudice has been demonstrated arising from counsel's failure to pursue the claim.

## Evidentiary Hearing

Any request for evidentiary hearing with respect to the foregoing claims should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported, generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that 1. the motion to vacate be denied; 2. the motion to hold claim two in abeyance is denied; but 3. the motion to dismiss claim two without prejudice is granted, subject to any applicable federal statute of limitations.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 8th day of October, 2010.

_____

UNITED STATES MAGISTRATE JUDGE


cc:   Virgil Leon Darville, <u>Pro Se</u>
      Reg. No. 73221-004
      FCI - Talladega
      Inmate Mail/Parcels
      P.O. Box 1000
      Talladega, AL 35160

      Ann Ruth Schultz, AUSA
      United States Attorney's Office
      99 NE 4th Street
      Miami, FL 33132

      Karen Atkinson, AUSA
      United States Attorney's Office
      500 South Australian Avenue
      Suite 400
      West Palm Beach, FL 33401