UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80283-CIV-MIDDLEBROOKS/WHITE
(08-80094-CR-MIDDLEBROOKS)

**VIRGIL LEON DARVILLE,**
**Movant,**

v.

**UNITED STATES OF AMERICA,**
**Respondent.**
_____/

## ORDER ADOPTING REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon the Report and Recommendation ("R&R") (DE 11) of the Honorable Magistrate Judge Patrick A. White in the above-styled case.

On December 5, 2008, pursuant to a negotiated written plea agreement, Virgil Darville ("Darville" or "Movant") pled guilty to one count of conspiracy to distribute at least 50 grams of crack cocaine and at least 500 grams of powder cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. (Cr-DE 187, 198). On February 20, 2009, this Court sentenced Mr. Darville to 240 months imprisonment, to be followed by 10 years of supervised release, and ordered a special assessment of $100. (Cr-DE 325, 328). Movant's 240-month sentence was due in substantial part to prior felony drug convictions on Movant's criminal record, whose effect was to raise Movant's mandatory minimum from 120 to 240 months. *See* 21 U.S.C. § 841(b). Darville did not directly appeal, and on March 12, 2009, his judgment of conviction became final. (Cr-DE 328).

Darville now collaterally attacks his sentence through a Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 ("Motion") (DE 1), timely filed on February 18, 2010. In his Motion, Darville presents four claims. *First*, he argues that his counsel was ineffective for failing to adequately challenge the Government's failure to file a motion for

downward departure pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35. (DE 1 at 4, 18-19). *Second*, Movant argues that the sentencing enhancement he received was improper because his prior felony drug convictions are unlawful.[1] (*Id.* at 5-6, 23). *Third*, he argues that the Government breached its plea agreement with Defendant by failing to file a § 5K1.1 or Rule 35 motion. (*Id.* at 8, 25-26). *Fourth*, Darville argues that he received ineffective assistance of counsel insofar as he was not given an opportunity to affirm or deny the prior state convictions which formed the basis for his enhancement. (*Id.* at 9, 30).

Judge White has reviewed Mr. Darville's Motion and supporting Memorandum of Law (DE 1), the Government's Response (DE 9), Darville's Reply (DE 10), the Presentence Investigation Report (PSI), and relevant portions of the criminal record, and advises denial of Mr. Darville's Motion, and dismissal without prejudice of Movant's second claim, relating to the alleged invalidity of Movant's prior drug convictions. (DE 11 at 23).

Having reviewed Judge White's R&R and Movant's Objections (DE 12), and after a thorough, *de novo* review of Mr. Darville's file, I agree that Darville's Motion to Vacate should be denied. As set forth in detail by Judge White, even *assuming arguendo* that Movant's claims are not subject to procedural default, Movant's claims lack merit. The express language of Mr. Darville's Plea Agreement shows that the Government was under no obligation to move for a downward departure on Darville's behalf, and Mr. Darville had three final judgments which supported his enhancement under 21 U.S.C. § 841(b). (DE 1, Ex. B ¶ 9; DE 9, Ex. E, F, G). Furthermore, given that the Government did not engage in any misconduct by refusing to move for

---

[1] In support of this claim, Movant represents that motions to vacate his three prior felony drug convictions are currently pending in state court. (DE 1 at 23). However, by Movant's own admission, no action has yet been taken on any of these motions. (*Id.*).

a downward departure on Mr. Darville's behalf, and that the Court did not err by enhancing Movant's sentence based on prior drug convictions, Movant's counsel cannot be deemed constitutionally ineffective for failing to challenge these decisions. *See, e.g., Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (failure to make meritless arguments does not amount to ineffective assistance).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge White's R&R (DE 11) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that Virgil Darville's Motion to Vacate pursuant to 28 U.S.C. § 2255 (DE 1) is **DENIED**. Per Movant's request and Judge White's recommendation, Movant's second claim, in which Movant argues that his sentencing enhancement is predicated on invalid state convictions, is hereby **DISMISSED WITHOUT PREJUDICE**, subject to any federal procedural limitations that may apply.

The Clerk of Court is instructed to **CLOSE THIS CASE**. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this / day of December, 2010.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Virgil Leon Darville
Reg. No. 73221-004
FCI – Talladega
Inmate Mail/Parcels
P.O. Box 1000
Talladega, AL 35160